UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 20-20466
                              Honorable Victoria A. Roberts

PHOUTHASONE VONGPHACHANH,

    Defendant.
_____/

## ORDER DENYING DEFENDANT PHOUTHASONE VONGPHACHANH'S EMERGENCY MOTION FOR BOND [ECF No. 13]

**I.   INTRODUCTION**

Phouthasone Vongphachanh's emergency motion for bond is before the Court.  A hearing is unnecessary.

The Court **DENIES** Vongphachanh's motion [ECF No. 13].

**II.   BACKGROUND**

On September 30, 2020, Vongphachanh was charged in an indictment with possession with intent to distribute crack cocaine and cocaine, in violation of 21 U.S.C. § 841(a)(1).

Vongphachanh made his initial appearance on October 14, 2020.

In anticipation of a detention hearing, Pretrial Services issued a report recommending that the Court deny bond and detain Vongphachanh

pending trial because there is not a condition or combination of conditions that can reasonably assure his appearance and the safety of the community.  In support of this recommendation, Pretrial Services indicated that Vongphachanh presents: (1) "a risk of nonappearance because of his ties to a foreign country, [the] nature of the instant offense, [his] failure to appear while on supervision, unknown citizenship status, the use of aliases, and substance use history"; and (2) "a danger to the community because of his past criminal history, [his participation] in criminal activity while on supervision/parole, and [the] nature of [his] offense."  [*See* Pretrial Services Report, at pp. 10-11 (Oct. 16, 2020)].

The report listed Vongphachanh's criminal history.  In addition to convictions for lesser offenses, Vongphachanh has multiple felony convictions for drug distribution and firearm offenses and a conviction for felony armed robbery.  Although Vongphachanh is only 35 years old, he has 11 total felony convictions – not to mention several other felony charges which were dismissed at sentencing as part of larger plea deals.

The Pretrial Services report demonstrates that Vongphachanh has routinely failed to comply with court orders.  He violated his conditions of parole and/or release on numerous occasions and failed to appear for court dates more than once.  Vongphachanh also violated conditions of a

personal protective order filed against him. Similarly, Vongphachanh demonstrated a lack of respect for law enforcement by attempting to flee from officers initiating traffic stops.

Per the report, Vongphachanh was incarcerated from 2012 to May 2016. He was discharged from parole in October 2017, and he committed the underlying offenses a year-and-a-half later – in April 2019.

Vongphachanh appeared for a detention hearing before Magistrate Judge David R. Grand on October 16, 2020. After argument from the government and defense counsel, Magistrate Judge Grand ordered Vongphachanh detained pending trial. He found that the government proved: (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community; and (2) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Vongphachanh's appearance. In an order of detention entered October 19, 2020, Magistrate Judge Grand explained:

> [V]irtually every factor the Court must consider under the Bail Reform Act favors Vongphachanh's pre-trial detention. The nature and circumstances of the offenses charged involve his distribution of dangerous drugs. There is substantial evidence that he is both a risk of flight and a danger to the community. He has fled from the police multiple times, uses aliases, was caught with false identification, and is not a lawful U.S. citizen. His conduct when authorities have tried to arrest him shows he

3

>is very willing to put others in harms way if it will allow him to escape. His history and characteristics all reflect extremely negatively on him. He has multiple convictions for violent conduct, firearms and drug offenses, and 11 total felony convictions. He routinely did poorly under court supervision, and often violated his probation and/or parole by engaging in additional criminal activity. He has had a personal protection order filed against him that he violated. He has failed to appear in court in prior criminal cases. He has a drug problem, and very limited work history. Although Vongphachanh has a girlfriend with whom he shares two children (and another on the way), those facts are far outweighed by the dangerous behaviors he has displayed over his entire adult life and the risk (as shown by his prior attempts to avoid apprehension) he would flee to avoid prosecution and the significant prison sentence he likely would receive if convicted.

[ECF No. 9, PageID.14].

On October 28, 2020, Vongphachanh filed an emergency motion for bond.

## III.   ANALYSIS

Although Vongphachanh labels his motion an emergency, he fails to identify an emergency in his papers. Vongphachanh merely states that he is the sole provider for his pregnant fiancé and two young children.

Additionally, although he is the moving party, Vongphachanh fails to provide the relevant standard for bond review. For this reason alone, the Court should deny his motion. However, the Court ignores Vongphachanh's procedural deficiencies and proceeds to the merits.

4

Under the Bail Reform Act, a defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The default position of the law is that a defendant should be released pending trial. *Stone*, 608 F.3d at 945. That default is modified for certain defendants based on the offense charged. In such cases, a rebuttable presumption in favor of detention exists.

Vongphachanh is subject to a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A), because he is charged with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) – an offense which carries a maximum term of imprisonment exceeding ten years. *See* 18 U.S.C. § 3142(e)(3)(A)("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the [Court] finds that there is probable cause to believe that the person committed . . . (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. . .").

5

The presumption in favor of detention imposes a burden on Vongphachanh to produce evidence that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. While this is "not a heavy burden," Vongphachanh must produce "at least some evidence." *Id.*

When evaluating whether a defendant should be detained, the Court must consider: (i) the nature and circumstances of the charges, including whether they involve a firearm; (ii) the weight of the evidence; (iii) the history and characteristics of the defendant, including his past conduct and criminal history; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

In support of his motion, Vongphachanh says he does not pose a danger to the community because "this is a nonviolent situation" and he "has remained trouble free since 2012."  [ECF No. 13, PageID.23-24]. Vongphachanh fails to acknowledge two things: (1) "drug trafficking is a serious offense that, in itself, poses a danger to the community," *see United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010); and (2) he was incarcerated the majority of time between 2012 and the date he committed the underlying offense in April 2019.

6

Vongphachanh says he does not pose a flight risk because: (1) "between [the date of his offense in April 2019] and this date, [he] and his attorney . . . contacted the authorities . . . on a number of occasions attempting to ascertain whether or not an arrest warrant had issued"; (2) "a tether can be placed on [him] to track his whereabouts . . . [and] ensure [his] return to court"; and (3) "[he] has substantial ties to this community (children, employment and fiancé)."  [ECF No. 13, PageID.24].

Vongphachanh asks the Court to release him to live with his fiancé; he says she has no criminal history and has agreed to be a third-party custodian.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the parties' arguments, the Court finds that Vongphachanh is not entitled to bond.  Vongphachanh fails to produce sufficient evidence that he does not pose a danger to the community or a risk of flight; thus, he fails to rebut the presumption of detention.

Moreover, the government establishes by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.  The government also shows by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Vongphachanh's appearance.

Indeed, in addition to the reasons set forth by Magistrate Judge Grand in the above excerpt from the order of detention, the Court believes the following factors are reasons for Vongphachanh's detention: (1) the strong weight of evidence against him; (2) the lengthy period of incarceration Vongphachanh faces if convicted; (3) Vongphachanh's prior criminal history; (4) his participation in criminal activity while on probation, parole, or supervision; (5) his history of violence, use of weapons, and substance abuse; (6) his lack of stable employment; (7) his lack of legal status in the United States; and (8) his prior failures to appear in court as ordered, prior attempts to evade law enforcement, use of aliases and false documents, and prior violations of probation and parole.

## IV.  CONCLUSION

The Court **DENIES** Vongphachanh's emergency motion for bond [ECF No. 13].

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated:  November 4, 2020