UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 20-20466
                                        Honorable Victoria A. Roberts

PHOUTHASONE VONGPHACHANH,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) [ECF No. 37]

**I.  INTRODUCTION**

Before the Court is Defendant Phouthasone Vongphachanh's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 37]. The motion is fully briefed.

The Court **DENIES** the motion.

**II.  BACKGROUND**

On September 30, 2020, a grand jury returned an indictment charging Vongphachanh with two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). The first count charged a quantity of crack cocaine that carried a penalty of five to 40 years in prison; the second count carried a maximum sentence of 20 years.

Vongphachanh pled guilty to the first count.

Although just 35 years old at the time of the offense, Vongphachanh qualified as a career offender based on his extensive and serious criminal history. With that enhancement, Vongphachanh's guideline range was 188 to 235 months.

At sentencing, Vongphachanh asked the Court to impose only the mandatory minimum sentence of 60 months.

However, at the sentencing hearing, the Court held that "the mandatory minimum sentence . . . [was] not sufficient in order to accomplish [the goals set forth in 18 U.S.C. § 3553(a)]." [ECF No. 39, PageID.316]. Instead, the Court imposed a 96-month sentence, the top of the guideline range had the career offender provision not applied. The Court found that Vongphachanh's "20-year" track record of committing crime and his numerous violations of conditions of supervision required a significant sentence. [*Id.*, PageID.316-17].

On March 15, 2022 – only nine months after sentencing – Vongphachanh filed a *pro se* motion for compassionate release. The Court appointed Vongphachanh counsel; counsel filed a supplemental brief.

**III.   DISCUSSION**

Section 3582(c)(1)(A) authorizes the Court to reduce a defendant's sentence if he or she demonstrates that: (1) "extraordinary and compelling

2

reasons" warrant a reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant § 3553(a) factors support a reduction. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)).  "Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction."  *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).  Therefore, the Court "must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction."  *Id.*

In his original filing, Vongphachanh moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Vongphachanh said his medical conditions – namely asthma and an unspecified muscular skeletal disorder – and the conditions at his MDOC facility increased his risk from Covid-19 and constituted extraordinary and compelling reasons for his release.  He additionally argued that an extraordinary and compelling reasons for his release existed because he "has three children under the age of 4 years old who are being cared for by his 75-year-old mother-in-law because their mother is ill with Covid-19 and has high blood pressure and asthma."  [ECF No. 37, PageID.276].

3

In his supplemental filing, Vongphachanh asks the Court to grant his request for compassionate release by reducing his sentence to 60 months. Vongphachanh says extraordinary and compelling reasons warrant a sentence reduction because: (1) his one-year-old son suffers from a serious health condition requiring lifelong care; and (2) his career offender designation and the mandatory minimum he faced based on the disproportionate penalties for crack cocaine created unreasonably harsh guidelines.

The government says neither reason constitutes an extraordinary and compelling reason for sentence reduction because the Court knew of both facts at the time of sentencing. It says Vongphachanh fails to present any new information in his reply brief that is an extraordinary and compelling reason to reduce his sentence.

The Court agrees. "[F]acts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). As the government says, the Court was aware of Vongphachanh's familial responsibilities during sentencing, including that his son has a serious illness that requires significant time and effort from Vongphachanh's wife. The Court was also aware of the different penalties for cocaine and crack

cocaine and the significant increase in the guideline range due to Vongphachanh's designation as a career offender.

To account for this – and ensure the sentence accomplished the goals under § 3553(a) – the Court varied downward significantly from the applicable guideline range (i.e., nearly 100 months below the bottom of the guidelines). Despite this, Vongphachanh asks the Court to reduce his sentence to 60 months – a duration the Court *explicitly* held was insufficient to achieve the goals under § 3553(a). [*See* ECF No. 39, PageID.316 ("[T]he mandatory minimum sentence [i.e., 5 years] . . . is not sufficient in order to accomplish [the goals set forth in 18 U.S.C. § 3553(a)].")].

Neither argument Vongphachanh raises in his reply/supplemental brief constitutes an extraordinary and compelling reason for sentence reduction.

It is unclear if Vongphachanh seeks to proceed with his argument that extraordinary and compelling reasons exist because his medical conditions make him more susceptible to Covid-19. But that argument unavailing. Vongphachanh was offered and refused the Covid-19 vaccination – which is fatal to his argument. *See United States v. Scott*, No. 06-20185, 2021 WL 4319723, at *2 (E.D. Mich. Sept. 23, 2021); *United States v. Weaver*, No. 18-20364, 2022 WL 350719, at *1 (E.D. Mich. Feb. 4, 2022) ("access

5

to the COVID-19 vaccine mitigates any extraordinary and compelling medical reasons for release").

Vongphachanh fails to demonstrate an extraordinary and compelling reason to reduce his sentence.

Because of this, the Court need not discuss the § 3553(a) factors. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

## IV.   CONCLUSION

The Court **DENIES** Vongphachanh's motion for sentence reduction [ECF No. 37].

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  January 9, 2023

6